IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BLAKE HOBSON, et al                                              PLAINTIFFS

VS.                                                              NO. 1:02CV94-D-B

PAUL RAYMOND ROBINSON, et al.                                    DEFENDANTS

OPINION DENYING MOTION TO REMAND AND GRANTING MOTION FOR
SUMMARY JUDGMENT

Presently before the Court is the Plaintiffs' motion to remand. Upon due consideration, the Court finds the motion shall be denied. Also pending is the Defendant Alfa Insurance Company's motion to dismiss which, because matters outside the pleadings were presented, shall be treated as one for summary judgment. Fed. R. Civ. P. 12(b) and 56. After careful consideration, the Court finds that the motion for summary judgment shall also be granted.

*A. Factual Background*

This case carries with it a quite a bit of procedural baggage. On February 19, 2002, the Plaintiffs filed their complaint in the Circuit Court of Lee County, Mississippi alleging claims for fraud, misrepresentation and breach of contract arising out of their purchase of a health insurance policy. On March, 15, 2002, the Defendants removed the case to federal court. On August 26, 2002, this Court granted the Defendants' motion to dismiss, holding that ERISA preempted the Plaintiffs' state law claims. On September 23, 2003, the Fifth Circuit affirmed dismissal of most claims. However, the Fifth Circuit reversed dismissal of the fraud and misrepresentation claims and remanded for reconsideration. Since, then the Plaintiffs have added Alfa and Professional Claims Management as Defendants. Now, the Plaintiffs have filed their motion to remand arguing that only state law claims remain and there is no federal question or diversity jurisdiction. The Defendant Alfa

has also filed a motion for summary judgment.

*B. Motion to Remand*

Since it is agreed that there is not complete diversity, in order to determine if a case is properly in a federal forum, the court must look to the "plaintiff's well-pleaded complaint" to see if it raises a federal question. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removing defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). When a federal statute, such as ERISA, completely preempts an area of state law, the complaint is essentially federal in character and may confer federal question jurisdiction. Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 876 F.2d 1157, 1161 (5th Cir. 1989).

This Court has previously determined the jurisdictional issue by holding that ERISA preempted the Plaintiffs' state law claims and, thereby, established federal jurisdiction. By affirming dismissal of some claims, the Fifth Circuit agreed that federal jurisdiction existed. While it is true that the Fifth Circuit disagreed with the Court's preemption determination as to the claims of fraud and misrepresentation, that does not render the Court's jurisdiction over the remanded state law claims void ab initio. Rather, since only state law claims remain, the Court, in its discretion, must now decide whether to remand the entire matter to the state court or continue to exercise supplemental jurisdiction over the surviving state law claims.

Under 28 U.S.C. § 1367 the Court may decline to exercise supplemental jurisdiction over a state law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claims over which the court had original jurisdiction; (3) the district court has dismissed all claims over which is has original jurisdiction; or (4) in exceptional

circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4). After dismissing all the federal claims, district courts are given "wide" latitude in deciding whether or not to remand pendant state law claims. Robertson v. Neuromedical Center, 161 F.3d 292, 296 (5th Cir. 1998). Such a determination is reviewed for abuse of discretion. Id. at 296. The general rule is that district court should decline jurisdiction over state claims after all the federal claims have been dismissed, but this rule is neither mandatory or absolute. Smith v. Amedisys, Inc., 298 F.3d 434, 446-47 (5th Cir. 2002).

First, this case does not present any novel or complex issues of state law. Second and third, the state law claims obviously predominate over the now non-existent federal claims which have all been dismissed. Finally, there are no "exceptional circumstances" present that compel declining jurisdiction. Hence, under section 1367 there are two factors favoring retaining jurisdiction and two against. Under these circumstances, the Fifth Circuit directs the court to consider "factors of judicial economy, convenience, fairness, and comity." Id. at 447.

In Smith, the court held that the district court did not abuse its section 1367(c) discretion where the litigation had been pending for almost three years, a substantial amount of discovery had been conducted, the matter was in advanced stages of litigation, the court had devoted many hours to the case and had substantial familiarity with the case. Id. The facts of this case rest squarely within the Smith holding. This case has been pending in this Court for over three years, presumably most of the discovery, if not all, has been conducted, and having drafted a opinion and countless orders, the Court has undoubtedly expended a great amount of time researching and reviewing the case. More importantly, the case is in the advanced stages of litigation and is currently set for trial just weeks away on August 15, 2005. Given the complex and protracted posture of this litigation,

the Court finds that judicial economy, convenience and fairness favor retaining jurisdiction. Accordingly, for all the forgoing reasons, the Court shall retain jurisdiction over the parties remaining state law claims.

*C. Motion for Summary Judgment*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

The Defendant Alfa argues that the Plaintiffs have failed to state a claim upon which relief

may be granted. The Defendant points out that the "complaint contains no allegation against Alfa other than an allegation that Alfa was the liability carrier for two of the individual defendants named in this law suit." Alfa further avers that the subject policy does not provide coverage for the alleged acts of Defendants Chrestman or Robinson. The only paragraph in the complaint that refers to Alfa states, "Defendant Alfa Insurance Company had in full force and effect at the time of this loss a liability insurance policy covering individual Defendant Jim McDaniels. Since the policy covers employees, it also covers the Defendants Chrestman and Robison." In response to the motion, the Plaintiff offers that the complaint clearly states a claim for declaratory relief against Alfa by asserting that the insurance policy provides coverage for the claims made against other Defendants.

Courts interpret contracts according to the unambiguous terms, construing words consistent with their plain meaning. When a contract is ambiguous, however, it will be interpreted in a reasonable manner. <u>Tupelo Redevelopment Agency v. Abernathy</u>, __ So.2d __, __, 2005 WL 774891 at *3 (Miss. Apr. 7, 2005). Whether a contract is ambiguous is a question of law. <u>Id.</u> at *3. The reviewing court is not allowed to infer intent contrary to that emanating from the contractual text. <u>Id.</u>

Here, in the Court's opinion, the insurance policy is not ambiguous. The subject policy, by its express terms, provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury.'" Further, the policy applies to "'advertising injury' caused by an offense committed in the course of advertising your goods, products or services." It is under this provision the Plaintiffs allege their claims would be covered because the individual Defendants misrepresented the disputed health insurance. The Plaintiffs also contend that the term "advertising injury" is not defined but should,

nonetheless, be construed broadly. However, a cursory review of the policy reveals a provision expressly defining an advertising injury:

> "Advertising Injury" means injury arising out of one or more of the following offenses:
> a.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> b.   Oral or written publication of material that violates a person's right of privacy;
>
> c.   Misappropriation of advertising ideas or style of doing business; or
>
> d.   infringement of copyright, title or slogan.

Even a liberal reading of this definition and the coverage provision would not entitle the Plaintiffs to the benefits of the policy for the individual Defendants alleged misrepresentations or negligence. Moreover, if the policy were, for some unforeseen reason, considered ambiguous, no reasonable interpretation could result in the Plaintiffs' favor.

The Plaintiffs' next theory, as best as can be determined, is that coverage should be extended because a provision excluding coverage for "professional services" does not specifically list or exclude insurance services. In other words, the Plaintiffs contend that they are entitled to the policy's benefits because their claims are not expressly excluded from coverage. Yet, as the Defendant correctly notes, the Plaintiffs have put the proverbial cart before the horse. In order to establish that an injury is compensable under the insurance policy, the Plaintiff must first demonstrate that the policy covers a specific claim, rather than presuming coverage exists based on the absence of an exclusion. The Court is not required or even permitted to consider such a far-fetched interpretation of the policy. Turner v. Terry, 799 So.2d 25, 32 (Miss. 2001) (where the

contract is unambiguous the intention of the parties should be gleaned solely from the wording of the contract). Nevertheless, the Plaintiffs' contorted theory is not persuasive.

Finally, if there were any lingering doubt as to Alfa's liability, another policy provision excludes coverage for an

> "Advertising injury" arising out of:
>
> (1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;
>
> (2) The failure of goods, products or services to conform with advertised quality or performance;
>
> (3) The wrong description of the price of goods, products or services . . .

By the plain language of subsection (2) above, the Plaintiffs' claims, that arise out of their dissatisfaction with a product or service provided, are excluded from coverage. No amount of liberal construction or legal contortion can avoid this provision. Therefore, for all the reasons discussed above, the Plaintiffs cannot prove that they are entitled to relief from Alfa for the alleged conduct of the remaining Defendants. Hence, there is no genuine issue of material fact and summary judgment shall be granted as to the Defendant Alfa.

### D. Conclusion

In the interests of judicial economy, convenience and fairness to the parties the Court shall retain jurisdiction of the Plaintiffs' remaining state law claims. Thus, the Plaintiffs' motion to remand shall be denied. Furthermore, the Plaintiffs have failed to establish the existence of a genuine issue of material fact as to Defendant Alfa's liability under the subject insurance policy. Resultantly, the Defendant Alfa Insurance Company's motion for summary judgment shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of July 2005.

/s/ Glen H. Davidson
Chief Judge